IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CIVIL NO. 00-1005<br>CRIMINAL NO. 97-104 |
| ANTOINE DAVIS | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT ENTERED DECEMBER 17, 2002

The United States, by and through its counsel, Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, and Anita Eve, Assistant United States Attorney, hereby submits this response to Defendant's Motion for Relief.

On December 17, 2002, this Court denied the defendant's Motion to Expand the Record, his § 2255 Motion and a certificate of appealability. In denying the Motion to Expand the Record, this Court found no basis to expand the record through an evidentiary hearing to address issues raised by the defendant regarding an allegation of ineffective assistance of counsel. Additionally, in denying the defendant's § 2255 Motion, this Court specifically found that the defendant's counsel was not ineffective and that his defense of the defendant was reasonable.

One of the issues raised by the defendant regarding ineffective assistance of counsel was whether counsel was ineffective for not having challenged the admission of evidence regarding a statement made by the defendant indicating that he had agreed to engage in a narcotics transaction. This statement was admitted by the Court, over the objection of defense counsel, to show intent and knowledge of the defendant to engage in the distribution of narotics. In

deciding whether counsel was ineffective, this Court held that the admisssion of the statement was proper, that it had not been made in violation of the defendant's rights, and that the probative value substantially outweighed any prejudicial effect. The Court also held that while the defendant may think his counsel should have challenged the admission of the statement differently, counsel's performance was reasonable, and could not be characterized as ineffective.

In this Motion for Relief, the defendant again challenges whether counsel's performance was ineffective for not having raised the admissibility of the statement made by the deendant indicating that he had agreed to engage in a narcotics transaction. This issue has already been decided by this Court. The only novel twist now being raised by the defendant is whether counsel was ineffective for not having raised the admissibility of the statement on direct appeal. Because this Court has already decided the admissibility of the statement, and that counsel was not ineffective, it would seem that there is basis to grant the relief sought by the defendant.

Even assuming that the issue were ripe for review by this Court, that is whether counsel failed to raise on direct appeal the question of whether the statement should have been admitted, it would seem that counsel, who did seek a direct appeal, exercised sound judgment in determining what issues were viably appealable. Counsel, despite the defendant's desire to have the admissibility of the statement raised on appeal, was not obligated to seek frivolous claims and consequently exercised due consideration to those issues which were sufficient for review. The fact that the defendant may have desired a different approach does not mean that he should be granted any form of relief.

WHEREFORE, the government submits that defendant's request for relief should be denied.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney

______________________________
ANITA EVE
Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's Response to Defendant's Motion for Relief from Judgment Entered December 17, 2002 has been served by first class mail upon:

Antoine Davis, # 50679-066
Federal Prison Camp
P.O. Box 1000
Duluth, MN 55814

______________________________
ANITA EVE
Assistant United States Attorney

DATED: February 8, 2005