**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES | : | CRIMINAL No. 97-104-01 |
| | : | |
| v. | : | CIVIL No. 00-1005 |
| | : | |
| ANTOINE DAVIS | : | |

**MEMORANDUM AND ORDER**

AND NOW, this 22nd day of February, 2005, upon consideration of the petitioner Antoine Davis' ("Davis") motion for relief from this court's December 17, 2002, order pursuant to Federal Rule of Civil Procedure 60(b)(6) ("Rule 60(b)(6) motion") (Doc. No. 85) and the response thereto (Doc. No. 89), the court makes the following findings and conclusions:

1. On February 9, 1998, Davis was convicted of possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a) and possession of a firearm during drug trafficking in violation of 18 U.S.C. § 924(c). On July 10, 1998, I sentenced Davis to 211 months imprisonment, five years of supervised release, a $2,500 fine and a $100 special assessment. Davis' appeal was denied on June 8, 1999. On February 25, 2000, Davis filed a 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence ("§ 2255 habeas motion") which I denied on December 17, 2002.

2. In my December 17, 2002, order I, *inter alia*, disagreed with Davis that his trial counsel was ineffective for not properly challenging the reliability of an out-of-court statement by Davis. The statement at issue was a signed statement to the police in which Davis admitted that he had engaged in a previous drug transaction. The Government sought to use the statement to prove that Davis had the intent and knowledge to engage in the distribution of narcotics. After a hearing on February 2, 1998, I admitted the statement under Federal Rule of Evidence 404(b) with a limiting instruction. Davis contended in his § 2255 habeas motion that although he had signed the statement saying that he engaged in the drug transaction, he ultimately did not go through with the transaction. Davis requested that his trial counsel bring this to my attention and felt he was ineffective for failing to do so.

3. On September 7, 2004, Davis filed the current motion for relief pursuant to Federal Rule of Civil Procedure 60(b)(6) ("Rule 60(b)(6) motion"). In his Rule 60(b)(6) motion, Davis contends that the Government has always maintained that not only did he make the statement that he had engaged in the prior drug transaction, but he also, in fact, completed the transaction. However, in its response brief to Davis' § 2255 habeas motion, Davis claims that the Government, for the first time, changed its argument and acknowledged that Davis did not actually make the drug sale. It is apparently Davis' understanding that I allowed the statement to

come into evidence solely because I thought he had actually made the drug sale. Therefore, Davis believes that his counsel was ineffective for failing to base his habeas reply brief on the Government's alleged inconsistency of positions.

4. Davis is arguably attacking his habeas proceeding and not his underlying conviction and, therefore, his Rule 60(b)(6) motion will not be construed as a second or successive § 2255 habeas motion. Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004) (finding that "in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.").

5. The decision to grant relief pursuant to Rule 60(b) lies in the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances. Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981); Harper v. Vaughn, 272 F. Supp. 2d 527, 532 (E.D. Pa. 2003). Moreover, relief under Rule 60(b)(6) may only be had in extraordinary circumstances. Morris v. Horn, 187 F.3d 333, 341 (3d Cir. 1999). In this case, Davis has neither established the necessary extraordinary circumstances nor presented meritorious arguments. As a result, I will utilize my discretion and deny the Rule 60(b)(6) motion for the reasons stated below.

6. First, Davis' admission that he had engaged in a prior drug transaction was relevant to show his knowledge, intent, motive, lack of mistake, preparation and plan. Regardless of whether Davis actually was able to complete the transaction, his signed admission remained relevant to show that he had agreed to engage in the drug transaction and had negotiated the sale of the drugs. In order to succeed on an ineffective assistance of counsel claim, the petitioner must show that: (1) counsel's representations fell below and objective standard of reasonableness and; (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. U.S. v. Nino, 878 F.2d 101, 103 (3d Cir. 1989). In this case, the insertion of Davis' argument into his habeas reply brief would not have furthered his cause and would have simply reminded the court that Davis signed an admission he now claims to be false. As a result, it was quite reasonable for his counsel to refuse Davis' wishes regarding this issue. Therefore, Davis' counsel was not ineffective.

7. Second, although I do not find it necessary to entertain whether a change in the Government's position at this stage has any bearing on the case since Davis' statement was relevant regardless of whether he completed the drug transaction, the exhibits Davis utilizes to prove his point do not show that the Government materially changed its position. For example, Davis claims that during the February 2, 1998, hearing on the motion to suppress his statement, the Government contended that "'[Davis] sold four and a half ounces – of cocaine.'" (Doc. 85, p. 4-5). However, the transcript of the hearing attached to Davis' motion as an exhibit shows that the Government actually stated "[a]nd to paraphrase, [Davis] stated that, yes, he had sold four

and a half ounces of cocaine." (Doc. 85, Ex. E, p. 87). The Government continued that it wanted to use the statement to "show [Davis'] intent to distribute what was found in the Tahoe in this case." (Id., p. 88). These are true statements which are not inconsistent with the position given in the Government's response brief. Davis also points to day four of the trial transcript where his written admission is read into the record and to the Government's closing argument as proof that the Government's position has changed. (Doc. 85, Ex. F., p. 166; Ex. G, p. 200-201). However, the former is simply Davis' own signed statement read to the jury and in the latter, the Government simply explained to the jury that they could consider Davis' statement that he sold the drugs in determining his intent. (Id.). Again, neither of these exhibits show that the Government has materially changed its position.

8. In conclusion, Davis has failed to establish the kind of extraordinary circumstances which would be required to grant his Rule 60(b)(6) motion. Morris, 187 F.3d at 341.

As a result, it is hereby **ORDERED** that Antoine Davis' motion for relief from this court's December 17, 2002, order pursuant to Federal Rule of Civil Procedure 60(b)(6) is **DENIED**.

________________________________
LOWELL A. REED, JR., S.J.