IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CIVIL NO. 00-1005<br>CRIMINAL NO. 97-104 |
| ANTOINE DAVIS | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO ALTER OR AMEND MEMORANDUM AND ORDER ENTERED FEBRUARY 23, 2005

The United States, by and through its counsel, Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, and Anita Eve, Assistant United States Attorney, hereby submits this response to Defendant's Motion to Alter or Amend this Court's Order Entered February 23, 2005.

1. In the defendant's Motion for Relief from Judgment entered December 17, 2002, the defendant argued that his counsel was ineffective for not having challenged the admission of evidence regarding a statement made by the defendant indicating that he had agreed to engage in a narcotics transaction. The defendant also argued that his counsel was ineffective for purportedly leading the defendant to believe that counsel was appending certain information to the defendant's petition under 28 U.S.C. § 2255 and making argument regarding the documents being appended.

2. In this Court's Memorandum and Order, the Court, in paragraph 6, concluded that defendant's counsel was not ineffective. The Court also concluded that

> the insertion of Davis' argument into his habeas reply belief would not have furthered his cause and would have simply reminded the Court that Davis signed an admission he now claims to be false. As a result, it was quite reasonable for his counsel to refuse Davis'

> wishes regarding this issue. Therefore, Davis' counsel was not ineffective.

Memorandum and Order, page 2.

3. Now, the defendant, in his Motion to Alter or Amend this Court's Memorandum and Order, argues that he never argued that his counsel was ineffective for failing to base his request for relief based on the government's inconsistency of position. Instead, he argues that his request for habeas relief was and is based on his counsel's "failure to honor his word and latter misrepresentation that he had appended and included certain information within Davis' motion" and that this purported deceit "effected the integrity of [Davis'] 2255 litigation." The government knows of no legal precedent which supports habeas relief based on purportedly misrepresentations, especially of this nature, by a defendant's counsel.

4. As the Court determined in its ruling, it **was** quite reasonable for his counsel to refuse Davis' wishes regarding the issue of the admission of evidence to show knowledge, intent, motive, lack of mistake, preparation and plan.

5. To the extent that there is any need to alter or amend the Court's Memorandum and Order, it only need be altered or amended to clearly address the defendant's concern and state that while the Court does not condone any misrepresentations being made to the defendant regarding arguments and documents being submitted to the Court in furtherance of a habeas petition, that the record proves that the inclusion of the documents desired by the defendant to have been included in its submission was reasonable. Therefore, the defendant's counsel was not ineffective for making the misrepresentations to Davis. Defendant's counsel was also not ineffective for refusing to include Davis' arguments.

WHEREFORE, the government has no objection to the alteration or amendment of the Court's Memorandum and Order, but to the grant of any other relief sought by the defendant.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney

________________________________
ANITA EVE
Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's Response to Defendant’s Motion to Alter or Amend Memorandum and Order has been served by first class mail upon:

Antoine Davis, # 50679-066
Federal Prison Camp
P.O. Box 1000
Duluth, MN 55814

______________________________
ANITA EVE
Assistant United States Attorney

DATED: March 28, 2005