**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES | : | CRIMINAL No. 97-104-01 |
| | : | |
| v. | : | CIVIL No. 00-1005 |
| | : | |
| ANTOINE DAVIS | : | |

**MEMORANDUM AND ORDER**

AND NOW, this 25th day of April, 2005, upon consideration of the petitioner Antoine Davis' ("Davis") motion for reconsideration of this court's February 22, 2005, order (Doc. No. 92), his prior reply brief which was incorporated therein (Doc. No. 91), the Government's response (Doc. No. 94) and Davis' reply (Doc. No. 97), the court makes the following findings and conclusions:

1. On February 9, 1998, Davis was convicted of possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a) and possession of a firearm during drug trafficking in violation of 18 U.S.C. § 924(c). On July 10, 1998, I sentenced Davis to 211 months imprisonment, five years of supervised release, a $2,500 fine and a $100 special assessment. Davis' appeal was denied on June 8, 1999. On February 25, 2000, Davis filed a 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence ("§ 2255 habeas motion") which I denied on December 17, 2002.

2. In my December 17, 2002, order I, *inter alia*, disagreed with Davis that his trial counsel was ineffective for not properly challenging the reliability of an out-of-court statement by Davis. The statement at issue was a signed statement to the police in which Davis admitted that he had engaged in a previous drug transaction. The Government sought to use the statement to prove that Davis had the intent and knowledge to engage in the distribution of narcotics. After a hearing on February 2, 1998, I admitted the statement under Federal Rule of Evidence 404(b) with a limiting instruction. Davis contended in his § 2255 habeas motion that although he had signed the statement saying that he engaged in the drug transaction, he ultimately did not go through with the transaction. Therefore, Davis alleged that the statement he had signed was false. Davis requested that his trial counsel bring this to my attention and felt he was ineffective for failing to do so.

3. On September 7, 2004, Davis filed a motion for relief pursuant to Federal Rule of Civil Procedure 60(b)(6) ("Rule 60(b)(6) motion"). In his Rule 60(b)(6) motion, Davis contended that the Government had always maintained that not only did he make the statement

that he had engaged in the prior drug transaction, but he also, in fact, completed the transaction. However, in its response brief to Davis' § 2255 habeas motion, Davis claimed that the Government, for the first time, changed its argument and acknowledged that Davis did not actually complete the drug sale. Davis complained that his counsel failed to base his reply brief on the Government's alleged inconsistency of positions after allegedly misrepresenting to Davis that he would do so.

4. On February 22, 2005, I denied Davis' Rule 60(b)(6) motion and held that Davis had failed to show the necessary extraordinary circumstances needed to grant such a motion. See Morris v. Horn, 187 F.3d 333, 341 (3d Cir. 1999). On March 14, 2005, Davis filed the current motion for reconsideration of my February 22, 2005, order claiming that I erred in my decision for a variety of reasons.

5. A motion for reconsideration may be filed in a criminal case. U.S. v. Fiorelli, 337 F.3d 282, 286 (3d Cir. 2003). However, such a motion may only be granted if "the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [rendered it's decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). In this case, because there has been neither new law nor new evidence, Davis is claiming that there is a need to correct a clear error of law or fact or to prevent manifest injustice.

6. Davis argues that his Rule 60(b)(6) motion was not predicated upon the argument that his counsel was ineffective for failing to base his habeas reply brief on the government's alleged inconsistency of positions, as I had stated in my February 22, 2005, order. Instead, Davis contends that his Rule 60(b)(6) motion was based on the theory that his attorney's failure to put this information into the reply brief and his alleged misrepresentation that he would do so, affected the integrity of the § 2255 proceeding. Regardless of how Davis' complaint is styled, it is clear that, for the reasons stated in my February 22, 2005, order, Davis has failed to establish the kind of extraordinary circumstances which would be required to grant his Rule 60(b)(6) motion. Morris, 187 F.3d at 341. The fact remains that his attorney was not ineffective nor was the integrity of his § 2255 proceeding affected in any appreciable way. Therefore, no manifest injustice has occurred and his motion for reconsideration must be denied.

7. Davis also contends that I erroneously ruled that his signed statement that he had engaged in a prior drug transaction was reliable and that the jury was advised that he had actually completed the prior drug transaction.[1] I shall briefly address these arguments even

[1] Davis also argues that I concluded that the Government did not alter its position regarding the truth of his prior statement and that this conclusion was in error. I actually did not make a determination whether the Government had changed its position. Instead, I found that the exhibits Davis produced as evidence did not establish that the Government had changed its position. (Doc. No. 90 ¶ 7).

though they are out of the scope of the present motion. First, at the time of my ruling, Davis' statement appeared reliable because it was made and signed by Davis and there was no indication that it was untrue.[2] After fully reviewing the record, I conclude that my ruling was reasonable. (See Doc. Nos. 35 ¶1, 47 pp. 6-7, 92 Ex. A). Second, contrary to Davis' suggestion, the jury was told twice simply that Davis *stated* that he had been involved in a prior drug transaction. (Doc. Nos. 47 pp. 164-165, 48 pp. 30-32, see also Doc. No. 36 pp. 38-39). I also specifically instructed the jury that they could decide whether or not Davis' statement was true. (Id. pp. 166-167).

8. Essentially, all of Davis' arguments revolve around his contention that he signed a statement that was not true, and no one told the court or the jury that his statement was untrue, even though his habeas attorney allegedly promised to do so. Relief under Rule 60(b)(6) is simply not appropriate under these circumstances. Morris, 187 F.3d at 341. Davis has failed to show the necessary extreme circumstances which would have necessitated the granting of his Rule 60(b)(6) motion, and, thus, no manifest injustice has occurred. Max's Seafood, 176 F.3d at 677. As a result, Davis' current motion for reconsideration must be denied.

It is hereby **ORDERED** that Antoine Davis' motion for reconsideration is

**DENIED**.

LOWELL A. REED, JR., S.J.

[2] Furthermore, as I have ruled previously, Davis' trial attorney did not provide ineffective assistance by failing to assert that the statement was untrue. (Doc. No. 81 p. 7).