IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 97-104-01 |
| ANTOINE DAVIS<br>USM #50679-066 | : | |

ORDER

AND NOW, this 1st day of May, 2008, upon consideration of the counselled letter motion of defendant pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence (Document No. 106), the pro se motion of defendant for reduction (Document No. 105), and the letter response of the government thereto (Document No. 107), and having found and concluded that:

1. On July 10, 1998, the Court imposed a sentence of 211 months in this case. The Court determined at the sentencing proceeding that the final offense level was 34, and the criminal history category was I, producing a guideline range of 151-181 months on the drug count (Count One), plus a mandatory consecutive 60 months on the § 924(c) count (Count Two). The Court imposed 151 months on the drug count, plus 60 months on the firearm count, for a total sentence of 211 months.

2. Effective November 1, 2007, the Sentencing Commission adopted Amendments 706 and 711, which amended Section 2D1.1 of the guidelines with regard to the offense levels applied to many cocaine base ("crack") offenses. On December 11, 2007, in Amendment 712, the Sentencing Commission decreed that Amendments 706 and 711 apply retroactively, effective March 3, 2008.

3. The Court is advised and the parties have agreed that, upon retroactively applying the amendment to Section2D1.1 in this case, the final offense level is 32, and the criminal history category remains I, producing a revised guideline range of 121-151 months. The Court is further advised and the parties have agreed that the defendant's sentence may be reduced to 121 months on Count One, plus the mandatory consecutive 60 months on Count Two, for a total sentence of 181 months.

4. Section1B1.10 of the Sentencing Guidelines requires that, in determining whether to reduce a sentence based on a retroactive amendment, the Court must consider any impact on public safety. In this case, the government has advised the Court and it is accordingly found that, apart from the information about the defendant's criminal conduct and history which was known and addressed at the initial sentencing proceeding in this case, there is no other conduct since sentencing which suggests that the defendant poses a danger to any person or the community, therefore

IT IS HEREBY ORDERED that the term of imprisonment on Count One is reduced to **121 months**. The 60 month consecutive sentence on Count Two remains unaffected, for a total sentence of **181 months**.

IT IS FURTHER ORDERED THAT each of the above cited motions (Documents No. 105 and 106) is terminated for administrative purposes.

/s/ Lowell A. Reed, Jr.
LOWELL A. REED, JR., S.J.